## Case No. 4,210.

DUTTON et al. v. FREEMAN.

[5 Law Rep. 447.]

Circuit Court, D. New Hampshire. Dec., 1842.

Mr. Duncan and P. W. Chandler, of Boston, for petitioner, Brinley.

Mr. Blaisdell, of Hanover, N. H., and Mr. Brigham, of Boston, for Dutton and Richardson.

Freeman did not appear at the hearing.

STORY, Circuit Justice. The first question is that, which embraces the merits of the controversy, so far as it respects the rights of the parties now before the court. Brinley, the attaching creditor, insists upon the right to appear in the present stage of the proceedings, and to contest the whole facts asserted in the original petition of Dutton and Richardson to maintain a decree of bankruptcy against Freeman, in invitum. And the petitioning creditors insist that he has no such right. My opinion is, that Brinley, the attaching creditor, has no such right under the provisions of the bankrupt act. It may be admitted that he is, in the sense of the act, a "person interested" in the bankruptcy; but that is not the sole point for the consideration of the court. A person may be interested in a bankruptcy, and have a right, as a creditor, to establish his debt; but it will by no means follow, that he has a right to appear and contest every question, which may arise in the progress of the proceedings under the bankruptcy. The act of congress could by no means have intended any such a general and sweeping right. Its language must, in its reasonable interpretation, be limited to cases where the "person interested" has a direct immediate interest in the matter put in controversy. such as a creditor has when his own debt or dividend is controverted by the bankrupt or the assignee, and not merely a remote, consequential, or contingent interest in the question to be decided. In this latter sense every creditor might be said to be interested in every question and decision made in bankruptcy, and clothed with full rights accordingly, which I am persuaded could never have been the intention of the act. The distinction between an interest in the question and an interest in the suit is familiar to every lawyer; and we must put a reasonable and analogous interpretation upon the language of the bankrupt act in order to prevent the most inconvenient and even contradictory results, which might otherwise arise from it.

The seventh section of the bankrupt act contemplates proceedings by petition, both by a voluntary bankrupt, and by creditors against an involuntary bankrupt; and, after requiring that notice of the hearing of every such petition for the benefit of the act shall be published, it provides that "all persons interested may appear at the time and place, where the hearing is to be had, and show cause, why the prayer of the said petitioner should not be granted." Now, upon a petition by creditors, in invitum, against their debtor to have him declared a bankrupt, (which is the present case,) the debtor alone is properly the "person interested" to appear and contest the facts stated as the grounds for the petition—namely, the petitioning creditor's debt—the debtor's being a trader, and his having committed one or more acts of bankruptcy, within the scope of the statute. All these touch the rights and property of the debtor himself, directly and immediately, and he is the very party in interest to admit or contest them. His creditors have no direct or immediate or absolute interest in the proceedings. If declared a bankrupt, he may never obtain a discharge; and, therefore, they have no necessary or positive interest in the proceedings at this stage, or at most only a possibility of interest, dependent altogether upon future events. But I do not rest my judgment upon these considerations, although there appears to me to be great weight in them, as a reasonable construction of the provisions of the act, as to "persons interested." What I rely on is the positive provision of the first section of the act, as a demonstration, that such is the proper, nay, the necessary construction of the act in all cases of petitions by creditors, in invitum, against their debtor, to have him declared a bankrupt. That section provides, "That any person so declared a bankrupt at the instance of a creditor, may, at his election, by petition to such court, within ten days after its decree, (declaring him a bankrupt) be entitled to a trial by jury. before such court, to ascertain the fact of such bankruptcy."

Now, it is plain from the very terms of this enactment. that this is a privilege exclusively given to the debtor himself. He, and he

alone, can demand a trial by jury; he and he alone can contest the "fact of bankruptcy." No other creditors can appear as adverse parties, and contest the "fact of such bankruptcy;" for here the maxim firmly applies, "Expressio unius personae est exclusio alterius." Yet the "fact of such bankruptcy" is the very question which Brinley by his petition seeks now to controvert before the court, and to put in issue. He seeks to supersede the debtor in his proceedings, or to act independently of him. Suppose the debtor should not choose to contest "the fact of such bankruptcy," or suppose, after contesting it, he is satisfied with the decision of the court, declaring him a bankrupt, or suppose the jury upon a trial should find "the fact of such bankruptcy," could other creditors be permitted to appear and contest the conclusion? It appears to me, upon the obvious purport of this provision of the statute, they could not. In short, the view which I take of this whole matter is that, in this stage of the proceedings against a debtor, in invitum, the only persons in interest, who are competent to appear and enter into contestation as to the "fact of such bankruptcy," are the petitioning creditors, on one side, and the debtor, on the other side, as the parties in adverse interest. All other creditors are but collaterally connected with these preliminary proceedings, and may contingently be affected thereby; but they are not persons having a right to present themselves in judgment before the court, or, as the phrase is, they have no "persona standi in judico."

The third and second questions may be disposed of in a few words. If Brinley had a right to appear and contest the proceedings, it could be only in the character of a creditor of Freeman; and before he could be admitted to examine the rights of another creditor, he must prove his debt in the manner pointed out by the statute, and the rules of the court. The proof in this case is not regularly or technically made; but it is clear, that if sufficient in its form, it is properly amendable under the authority of the court.

The third question may be answered by the single suggestion that upon the proof of any debt by a creditor he must make it simpliciter, according to the rules of the court, and he is not at liberty to interpose any protest or qualifications, or reservations. Indeed, I go further, and say, that the court would have no authority to allow or sanction them. What would be the effect of an absolute proof of his debt by Brinley upon his attachment, it is unnecessary for this court now to consider. That is a point which cannot be entertained now; and belongs, if at all, to a future state of these proceedings.

Upon the whole, my answer to the several questions adjourned into this court are these: To the first, that Brinley ought not in this stage of the proceedings, upon the statement of facts in his petition, to be admitted to appear and contest the facts stated in the petition of Dutton and Richardson. To the second, that the description of Brinley's debt, as set forth in his proof of debt in the case, is not sufficient; but the proof is amendable under the order of the court. To the third, that Brinley's proof of his debt being accompanied with a protest, as stated in the question, is improper, no such protest being allowable, and is not sufficient to authorize him to appear and oppose the petition of Dutton and Richardson.